Jeffrey Paul Ehrlich (*Pro Hac Vice*)
**McGuireWoods LLP**
jehrlich@mcguirewoods.com
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: 202-857-1700

Alicia A. Baiardo (SBN 254228)
**McGuireWoods LLP**
abaiardo@mcguirewoods.com
Two Embarcadero Center
201 Clay Street, Suite 1300
San Francisco, CA 94111
Telephone: 415-844-9944

Nicholas Hoffman (SBN 284472)
**McGuireWoods LLP**
nhoffman@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310-315-8200

Jonathan Y. Ellis (*Pro Hac Vice Pending*)
**McGuireWoods LLP**
jellis@mcguirewoods.com
501 Fayetteville St., Suite 500
Raleigh, NC 27601
Telephone: 919-755-6688

Grace G. Simmons (*Pro Hac Vice Pending)*
**McGuireWoods LLP**
gsimmons@mcguirewoods.com
1075 Peachtree St. NE
Atlanta, GA 30309
Telephone: 404-443-5718

*Attorneys for Defendant Eightfold AI Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIN KISTLER and SRUTI BHAUMIK, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EIGHTFOLD AI INC.,<br><br>Defendant. | Case No.: 3:26-cv-01768-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT EIGHTFOLD'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**Judge:** Hon. Yvonne Gonzalez Rogers<br>**Date:** August 4, 2026<br>**Time:** 2 p.m.<br>**Location:** Courtroom 1, 4th Floor |

[PROPOSED] ORDER GRANTING MOTION TO DISMISS, Case No. 3:26-cv-01768-YGR

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

The Motion to Dismiss filed by Defendant Eightfold AI Inc. came on regularly for hearing in the above-captioned matter. Eightfold was represented by McGuireWoods LLP. Plaintiffs Erin Kistler and Sruti Bhaumik were represented by Outten & Golden LLP and Towards Justice. All appearances were made as noted on the record.

The Court, having reviewed and considered the papers and exhibits submitted by the parties, the arguments of counsel made on the record at the hearing, and such other matters that this Court may properly consider, and good cause appearing for the relief requested in the motion, **IT IS HEREBY ORDERED** that:

Eightfold's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim is GRANTED.

Plaintiffs fail to state a claim under the Fair Credit Reporting Act or California's Investigative Consumer Reporting Agencies Act because they do not plausibly plead that Eightfold is a consumer reporting agency for several reasons. *First*, Eightfold does not itself assemble or evaluate consumer information; any assembly or evaluation is conducted by the software or by the employer using the software. *See Gundersen v. Equifax Info. Servs., LLC*, 683 F. Supp. 3d 1270 (D. Utah 2023). *Second*, neither Eightfold nor its software fall within the ordinary understanding of a consumer reporting agency. *See Tierney v. Advocate Health and Hospitals Corp.*, 797 F.3d 449 (7th Cir. 2015). Eightfold does not compile files on consumers nor issue general-purpose judgments about risk that follow consumers around. *Third*, the output from Eightfold's software likewise does not amount to a consumer report. The software acts based on information provided by the applicant, not gathered from outside sources. *See Sweet v. LinkedIn Corp.*, No. 14-cv-4531, 2015 WL 1744254 (N.D. Cal. Apr. 14, 2015). The subjective evaluation of an applicant's "fit" for a particular position does not bear on the applicant's "character, general reputation, personal characteristics, or mode of living." 15 U.S.C. § 1681(d)(1). And the software's output is a

[PROPOSED] ORDER GRANTING MOTION TO DISMISS, Case No. 3:26-cv-01768-YGR

2

tool for processing applications, not for determining if an applicant is "eligible" for a position. *Fourth*, Eightfold does not provide its software for the purpose of furnishing information about a candidate to outside parties. The software is an intermediary in the employer's hiring process. *See Zabriskie v. Fed. Nat'l Mortg. Ass'n*, 940 F.3d 1022 (9th Cir. 2019).

Because Eightfold is not a consumer reporting agency, and its software does not produce consumer reports, Eightfold is thus not subject to any of FCRA's requirements. *See, e.g.*, *Zuniga v. House Foods Am. Corp.*, No. 22-cv-372, 2022 WL 22607479, at *2 (C.D. Cal. Sept. 6, 2022) ("To state a claim under the FCRA, a plaintiff must plausibly allege that there was, in fact, a 'consumer report' at play."). Eightfold does not fit within these statutory definitions "for the same reasons explained with respect to the FCRA." *Zelaya v. Foot Locker, Inc.*, No. 5:17-cv-3279, 2018 WL 2463624, at *7 (N.D. Cal. Jun 1, 2018); *see Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1174 (9th Cir. 2019) (construing the two statutes together).

Therefore, Plaintiffs' FCRA and ICRAA claims must be dismissed.

Plaintiffs also fail to state a claim under California's Unfair Competition Law (UCL). They do not plausibly allege any unlawful conduct beyond the alleged violations of FCRA and ICRAA. Because Plaintiffs fail to state a claim under those laws, they fail to state a claim under the unlawful prong of the UCL. To the extent Plaintiffs plead a violation of the unfair or fraudulent prongs of the UCL, they "overlap entirely" with the unlawful claim, and so must be dismissed as well. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017).  And, in any event, Plaintiffs also failed to plead a lack of any adequate remedy at law required for any relief here under the UCL. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE.

DATED: _____

_____
Hon. Yvonne Gonzalez Rogers